UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| ERIC BENDER and NADER MISRI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERTEX ENERGY, INC., BENJAMIN P. COWART, and CHRIS CARLSON,<br><br>Defendants. | Case No.  4:23-cv-02145<br><br>MOTION OF MOVANTS GUILLERMO MARTI AND FRANK J. ZEMAN FOR: (1) INTERVENTION PURSUANT TO FED. R. CIV. P. 24; AND (2) STAY OF PROCEEDINGS |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF ISSUES AND STANDARD OF REVIEW ...................................... 5

ARGUMENT .................................................................................................................. 5

    I.      LEGAL STANDARD ......................................................................................... 5

           A.      Intervention ....................................................................... 5

           B.      Stay of Proceedings........................................................... 6

    II.     INTERVENTION AS A MATTER OF RIGHT UNDER RULE 24(A) IS WARRANTED ................................................................................................... 7

           A.      The Motion to Intervene Is Timely................................... 7

           B.      Marti and Zeman Have an Interest in the Subject Matter of this Action.... 7

           C.      Disposition of This Action Would Impair Marti and Zeman's Ability to Protect Their Interests ................................. 9

           D.      The Existing Parties to This Action Will Not Adequately Represent Marti and Zeman's Interests ....................................... 10

    III.    IN THE ALTERNATIVE, PERMISSIVE INTERVENTION UNDER RULE 24(B)(1)(B) IS WARRANTED.................................................................. 11

           A.      Marti and Zeman's Motion Is Timely........................................ 11

           B.      Marti and Zeman's Interests Share Common Questions of Law and Fact with This Action................................................. 11

           C.      Intervention Will Cause No Undue Delay or Prejudice to the Original Parties ................................................. 12

    IV.    A STAY OF THE PROCEEDINGS IN THIS ACTION IS WARRANTED PENDING RESOLUTION OF THE MOTIONS FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF IN THE ALABAMA ACTIONS .................................................. 12

           A.      A Stay Will Not Prejudice or Disadvantage Any Nonmoving Party........ 12

i

B.    A Stay Will Simplify the Issues in Question ........................................... 14

C.    No Discovery Has Occurred and No Trial Date Has Been Set................. 15

CONCLUSION.................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arkansas Project v. Shaw*,
   No. C–10–75, 2010 WL 1644645 (S.D. Tex. Apr. 23, 2010)................................................6, 10

*Brumfeld v. Dodd*,
   749 F.3d 339 (5th Cir. 2014) ...........................................................................9

*Davis v. U.S. Army Rsrv. Through 321st Sustainment Brigade*,
   No. 19-305-BAJ-EWD, 2019 WL 5777387 (M.D. La. Nov. 5, 2019) ......................................6

*Edwards v. City of Houston*,
   78 F.3d 983 (5th Cir. 1996) ...........................................................................7

*Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*,
   No. 6:10-CV-379-LED-JDL, 2012 WL12911054 (E.D. Tex. Feb. 2, 2012).......................7, 12

*Heaton v. Monogram Credit Card Bank of Georgia*,
   297 F.3d 416 (5th Cir.2002) ...........................................................................6

*In re Ramu Corp.*,
   903 F.2d 312 (5th Cir. 1990) ...........................................................................6

*La Union del Pueblo Entero v. Abbott*,
   29 F. 4th 299 (5th Cir. 2022) ...........................................................................9

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936)...........................................................................6

*Levson v. Vertex Energy, Inc. et al.*,
   1:23-cv-00197-KD-M (S.D. Ala.) ...........................................................................1

*Passmore v. Vertex Energy, Inc. et al.*,
   1:23-cv-00128-TFM-N (S.D. Ala.)................................................................. *passim*

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994) ...........................................................................8

*Sierra Club v. Fed. Emergency Mgmt. Agency*,
   No. H–07–0608, 2008 WL 2414333 (S.D. Tex. June 11, 2008) ...........................................10

*Students for Fair Admissions, Inc. v. Univ. of Texas at Austin*,
   338 F.R.D. 364 (W.D. Tex. 2021) ...........................................................................7

*Trbovich v. United Mine Workers of Am.*,
    404 U.S. 528, 538 n.10 (1972) ................................................................................................10

*U.S. Equal Emp. Opportunity Comm'n v. Wellpath LLC*,
    No. 5:20–CV–1092–DAE, 2021 WL 4096556 (W.D. Tex. Mar. 15, 2021) .......................6, 11

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*,
    834 F.3d 562 (5th Cir. 2016) ........................................................................................................7

*X-Drill Holdings Inc. v. Jack-Up Drilling Rig SE 83*,
    320 F.R.D. 444 (S.D. Tex. 2017) ............................................................................................7, 8

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 .................................................................. *passim*

Securities Exchange Act of 1934 ........................................................................................................2

**Rules**

Fed. R. Civ. P. 24............................................................................................................. *passim*

Fed. R. Civ. P. 42.............................................................................................................5, 15

Fed. R. Civ. P. 23.............................................................................................................9, 12

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Guillermo Marti and Frank J. Zeman (together, "Marti and Zeman"), by and through their counsel, will and do hereby move this Court: (1) pursuant to Fed. R. Civ. P. 24 ("Rule 24") to intervene in the above-captioned action (the "Bender-Misri Action" or the "Action"); and (2) to stay the Bender-Misri Action pending resolution of motions for: (a) consolidation of the actions *Passmore v. Vertex Energy, Inc. et al.*, 1:23-cv-00128-TFM-N (S.D. Ala.) (the "Passmore Action") and *Levson v. Vertex Energy, Inc. et al.*, 1:23-cv-00197-KD-M (S.D. Ala.) (the "Levson Action" and, together with the Passmore Action, the "Alabama Actions") pursuant to Fed. R. Civ. P. 42(a); and (b) appointment of a Lead Plaintiff in the consolidated Alabama Actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Marti and Zeman have conferred with the respondent and counsel cannot agree about the disposition of this motion.

## PRELIMINARY STATEMENT

Marti and Zeman respectfully submit that the Bender-Misri Action appears to have been filed purely in an improper, eleventh-hour effort to circumvent the orderly lead plaintiff appointment process set forth in the PSLRA and gain some improper procedural advantage. As such, Marti and Zeman should be permitted to intervene in the Bender-Misri Action to safeguard their interests in the earlier filed, substantively identical Alabama Actions, in which Marti and Zeman have a pending motion for appointment as Lead Plaintiffs. In addition, the Bender-Misri Action should be stayed until such time as the Alabama Actions have been consolidated and a Lead Plaintiff appointed therein, in order to avoid the risk of conflicting rulings in the Bender-Misri Action and the Alabama Actions, respectively.

The relevant procedural history is as follows: On April 13, 2023, the Passmore Action was filed in the Southern District of Alabama, alleging violations of the federal securities laws by the

1

above-captioned Defendants, and asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, on behalf of a class consisting of all persons who purchased or otherwise acquired Vertex securities between April 1, 2022 and August 8, 2022, inclusive (respectively, the "Class" and "Class Period"). *See generally* Passmore Action, Dkt. No. 1. On May 26, 2023, the Levson Action was filed, also in the Southern District of Alabama, alleging substantively the same claims as the Passmore Action on behalf of an identically defined Class. *See generally* Levson Action, Dkt. No. 1.

As putative class actions alleging violations of the federal securities laws, the Alabama Actions are governed by the PSLRA, including, in relevant part, provisions governing the consolidation of related actions and appointment of a Lead Plaintiff. Specifically, the PSLRA provides, in relevant part, that any member of a putative class may seek appointment as Lead Plaintiff within 60 days of publication of notice of pendency of the action (or the first-filed action, if more than one action is filed), and that "[i]f more than one action . . . on behalf of a class asserting substantially the same claims or claims . . . has been filed," any motions to consolidate those actions must be adjudicated prior to the appointment of a Lead Plaintiff. *See* 15 U.S.C § 78u-4(a)(3)(A)-(B).

Pursuant to the PSLRA, notice of pendency of the Passmore Action was published on April 13, 2023. *See*, *e.g.*, Passmore Action Dkt. No. 23-3. Accordingly, pursuant to the statute, the deadline to seek appointment as Lead Plaintiff in the Alabama Actions was June 12, 2023. Indeed, multiple law firms issued press releases or otherwise publicized the pendency of the Passmore Action and the deadline to seek appointment as Lead Plaintiff in the Alabama Actions—including

Bender and Misri's counsel, whose website included a "View Complaint" link directing putative

Class members to a generic complaint captioned for the Southern District of Alabama:



Source: https://rosenlegal.com/case/vertex-energy-inc/, accessed June 29, 2023.

Source: https://rosenlegal.com/wp-content/uploads/2023/03/Vertex-Updated-Complaint-Web-4856-1092-1822-v.1.pdf, accessed June 29, 2023.

On June 12, 2023, two putative Class members or groups thereof—specifically, Marti and

Zeman jointly and William C. Passmore ("Passmore") individually—duly filed motions seeking

consolidation of the Alabama Actions and appointment as Lead Plaintiff in the anticipated

consolidated action.  *See* Passmore Action Dkt. Nos. 21, 23.

Also on June 12, 2023, just hours before the expiration of the Lead Plaintiff motion

deadline in the Alabama Actions, the Bender-Misri Action was filed.  *See generally* Dkt. No. 1.[1]

The Complaint in the Bender-Misri Action was a virtual carbon copy of the Complaints in the

---

[1] Unless otherwise specified, all "Dkt. No. __" citations refer to the docket in the Bender-Misri Action.

Alabama Actions.  Shortly after the filing of the Bender-Misri Action, on the same day, Bender and Misri filed a motion jointly seeking appointment as Co-Lead Plaintiffs in the Bender-Misri Action.  Dkt. No.  Indeed, Bender and Misri filed their motion *only* in the Bender-Misri Action, without explanation, and only cursorily acknowledged the pendency of the Alabama Actions in their motion brief.  *See* Dkt. No. 4 at 1-2.  Only on June 26, 2023—14 days *after* the PSLRA's deadline to seek appointment as Lead Plaintiff in the Alabama Actions—did Bender and Misri belatedly file a notice advising the Court in the Alabama Actions that they had filed a motion for Lead Plaintiff in this Action rather than in the Alabama Actions—once again, without explaining why (Passmore Action Dkt. No. 29)—and asking the court in the Alabama Actions to consider their motion.  That same day, Bender and Misri filed a memorandum of law in the Alabama Action opposing the Lead Plaintiff motions filed by the Class members who correctly filed in the Alabama Actions on the statutory deadline (*i.e.*, Marti, Zeman, and Passmore) (Dkt. No. 31).

Given that their counsel had previously informed Class members that their claims were to be adjudicated in the Southern District of Alabama, Bender and Misri presumably hoped to gain some procedural advantage by bypassing the Alabama Actions and filing a new, virtually identical action in this District just hours before the lead plaintiff motion deadline, then seeking a leadership role in that action alone.  Regardless of Bender and Misri's motivation, permitting the Bender-Misri Action to proceed without the involvement of Marti and Zeman risks prejudice to Marti and Zeman's pending motion for consolidation of the Alabama Actions and appointment as Lead Plaintiffs therein, which Marti and Zeman correctly filed pursuant to the PSLRA's clear instructions (unlike Bender and Misri).  More broadly, permitting the later-filed Bender-Misri Action to proceed at all until adjudication of the pending consolidation/lead plaintiff motions in the Alabama Actions risks disrupting the orderly lead plaintiff appointment process set forth in the

4

PSLRA.  The statute plainly contemplates that all related securities class actions be consolidated for prosecution under unified class leadership, rather than prosecuted separately in parallel proceedings in different judicial districts under separate leadership, which would otherwise be the end result of Bender and Misri's improper gamesmanship.

Accordingly, Marti and Zeman respectfully request that the Court grant their motion to intervene in the Bender-Misri Action in order to protect their interests and to stay the Bender-Misri Action pending adjudication of the pending motions for consolidation of the Alabama Actions and appointment of a Lead Plaintiff therein.

STATEMENT OF ISSUES AND STANDARD OF REVIEW

1.    Whether Marti and Zeman may intervene in the Bender-Misri Action pursuant to Fed. R. Civ. P. 24.

2.    Whether to stay the Bender-Misri Action pending resolution of motions for: (a) consolidation of the Alabama Actions pursuant to Fed. R. Civ. P. 42(a); and (b) appointment of a Lead Plaintiff in the consolidated Alabama Actions pursuant to the PSLRA.

ARGUMENT

## I.    LEGAL STANDARD

### A.    Intervention

Rule 24 provides for intervention either as of right or with the permission of the court. With respect to intervention as of right pursuant to Rule 24(a)(2), a court "must permit anyone to intervene" who, "on timely motion," "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Courts typically consider the following four factors:

5

(1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation.

*Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir.2002). "Generally, '[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained.'" *Arkansas Project v. Shaw*, No. C–10–75, 2010 WL 1644645, at *1 (S.D. Tex. Apr. 23, 2010) (quoting *Heaton*, 297 F.3d at 422).

Separate and apart from intervention as of right, a court may permit intervention by a movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention . . . permits the Court to use its discretion to grant intervention where the application is timely; there is a common question of law or fact; and there will be no undue delay or prejudice to the original parties." *U.S. Equal Emp. Opportunity Comm'n v. Wellpath LLC*, No. 5:20–CV–1092–DAE, 2021 WL 4096556, at *2 (W.D. Tex. Mar. 15, 2021).

## B.    Stay of Proceedings

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-255. "The Fifth Circuit has explained that '[t]he stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation[.]'" *Davis v. U.S. Army Rsrv. Through 321st Sustainment Brigade*, No. 19-305-BAJ-EWD, 2019 WL 5777387, at *1 (M.D. La. Nov. 5, 2019) (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). "In deciding whether to stay litigation, courts primarily consider three factors: 1) whether

6

a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set." *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2012 WL12911054, at *1 (E.D. Tex. Feb. 2, 2012).

## II.    INTERVENTION AS A MATTER OF RIGHT UNDER RULE 24(A) IS WARRANTED

### A.    The Motion to Intervene Is Timely

"'The timeliness inquiry is contextual' and 'is not limited to chronological considerations but is to be determined from all the circumstances.'" *Students for Fair Admissions, Inc. v. Univ. of Texas at Austin*, 338 F.R.D. 364, 368 (W.D. Tex. 2021) (quoting *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016)).  "The timeliness inquiry is 'concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed.'" *Students for Fair Admissions*, 338 F.R.D. at 368 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996)).

Marti and Zeman's motion to intervene is timely.  The Bender-Misri Action was filed on June 12, 2023, only 17 days ago.  Aside from standard case-initiation filings (summonses, notice of appearance, service documents) and entry of a scheduling order, the only filing to date in the Bender-Misri Action is Bender and Misri's improper Lead Plaintiff motion, also filed on June 12, 2023.  Dkt. No. 3.  Filed without delay, at the very outset of this Action, the timely filing of Marti and Zeman's motion has caused no prejudice to the parties in this Action.

### B.    Marti and Zeman Have an Interest in the Subject Matter of this Action

To establish an interest in the subject matter of an action, "[t]he movant must show it has 'a direct, substantial, legally protectable interest in the action, meaning that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant.'" *X-Drill*

7

*Holdings Inc. v. Jack-Up Drilling Rig SE 83*, 320 F.R.D. 444, 449 (S.D. Tex. 2017).  "The Fifth Circuit has observed that 'the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'"  *X-Drill Holdings*, 320 F.R.D. at 449 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)).

Here, Marti and Zeman plainly have an interest in the subject matter of this action, which is the adjudication of securities fraud claims, against the Defendants, on behalf of a Class consisting of all persons or entities who purchased or otherwise acquired Vertex securities during the Class Period—again, the definitions of "Class" and "Class Period" being identical to the definitions of these terms in the Alabama Actions.  *See generally* Dkt. No. 1; Passmore Action Dkt. No. 1; Levson Action Dkt. No. 1.   Marti and Zeman both qualify as members of the Class, having attested under penalty of perjury, in their PSLRA Certifications filed with their lead plaintiff motion in the Alabama Actions, to having purchased Vertex securities during the Class Period.  *See* Passmore Action Dkt. No. 23-4.  Indeed, having incurred aggregate losses of *$63,078* in connection with those purchases (*see* Passmore Action Dkt. No. 23-2), Marti and Zeman's interest in the subject matter of this action is direct and substantial.

Moreover, having moved in the Alabama Actions for appointment as Lead Plaintiffs of the Class, Marti and Zeman have an additional interest in the subject matter of this action beyond that of a passive class member.  Pursuant to the PSLRA, within 60 days of publication of the notice of pendency of the first-filed of the Alabama Actions (the Passmore Action), "any member of the purported class may move the court to serve as lead plaintiff of the purported class."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Marti and Zeman duly filed their lead plaintiff motion on the June 12, 2023 statutory deadline.  Passmore Action Dkt. No. 23.  Given that Bender and Misri improperly filed

an ostensibly competing Lead Plaintiff motion in this Action (Dkt. No. 3), the adjudication of which will necessarily affect Marti and Zeman's own Lead Plaintiff motion, Marti and Zeman plainly have an additional legally cognizable interest in the subject matter of this action. Indeed, Marti and Zeman are the ***presumptive*** Lead Plaintiffs in the Alabama Actions, having alleged a significantly larger financial interest in the litigation by virtue of their Vertex investment losses ($63,078) than the only competing movant (Passmore, claiming investment losses of only $29,324), and having *prima facie* demonstrated their adequacy and typicality under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ("the court shall adopt a presumption" in favor of appointing as Lead Plaintiff the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."). As the presumptive Lead Plaintiffs of this Class, Marti and Zeman plainly have a substantial interest in pursuing recovery of their investment losses and those of the Class.

**C.　　Disposition of This Action Would Impair Marti and Zeman's Ability to Protect Their Interests**

To demonstrate that disposition of this action would impair their ability to protect their interests in the subject of the action, the intervenors "need only show that if they cannot intervene, there is a possibly that their interest could be impaired or impeded." *La Union del Pueblo Entero v. Abbott*, 29 F. 4th 299, 307 (5th Cir. 2022) (citing *Brumfeld v. Dodd*, 749 F.3d 339, 344-45 (5th Cir. 2014)).

Here, as discussed above, Marti and Zeman are doubly interested in the subject matter of this litigation, as Class members seeking to recover their investment losses incurred as a result of the Defendants' alleged fraud ***and*** as the presumptive Lead Plaintiffs of the Class in the substantively identical Alabama Actions. To the extent that disposition of this Action results in the appointment of Bender and Misri as Lead Plaintiffs, their appointment would specifically impair

9

Marti and Zeman's competing motion for appointment as Lead Plaintiff in the Alabama Actions. More generally, the pendency of a duplicative action in this District would impair the efficient prosecution of the fraud claims of Marti and Zeman, and indeed the entire Class, in the Alabama Actions. Maintaining separate, duplicative actions in different Districts, under the leadership of separately appointed Lead Plaintiffs (Marti and Zeman in the Alabama Actions versus Bender and Misri in this Action), would foreseeably generate a flurry of competing motion practice, with each of the two sets of Lead Plaintiffs presumably seeking to ensure that both cases proceed in a single, consolidated action under their leadership. All of the foregoing would obviously impede the speedy and efficient adjudication of the Class's fraud claims under the leadership of presumptive Lead Plaintiffs Marti and Zeman.

> **D.      The Existing Parties to This Action Will Not Adequately Represent Marti and Zeman's Interests**

"The showing for this final factor is 'treated as minimal.'" *Arkansas Project*, 2010 WL 1644645, at *2 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Here, as discussed, Bender and Misri seek appointment as Lead Plaintiffs of the Class, an outcome that is at odds with Marti and Zeman's own motion for appointment as Lead Plaintiff (filed in the Alabama Actions). Given that the two movants are competing for the same, mutually exclusive relief, Bender and Misri plainly will not adequately represent Marti and Zeman's interests. It is likewise self-evident that the Defendants in this action cannot adequately represent the interests of members of the Class of investors who are suing those Defendants for securities fraud. As such, none of the existing parties to this action will adequately represent Marti and Zeman's interests. *See*, *e.g.*, *Sierra Club v. Fed. Emergency Mgmt. Agency*, No. H–07–0608, 2008 WL 2414333, at *7 (S.D. Tex. June 11, 2008) (finding "the fourth prong of the intervention inquiry" to be satisfied where existing parties' "position is directly opposed to that of" the intervenor).

**III.    IN THE ALTERNATIVE, PERMISSIVE INTERVENTION UNDER RULE 24(B)(1)(B) IS WARRANTED**

In the alternative, should the Court find that intervention as of right under Rule 24(a)(1) is not warranted, Marti and Zeman respectfully submit that the Court should nonetheless exercise its discretion to permit Marti and Zeman to intervene under Rule 24(b)(1)(B).   Indeed, courts routinely grant such motions for permissive intervention after denying intervention as of right. *See*, *e.g.*, *Wellpath*, 2021 WL 4096556, at *2 ("Although [movant] may not intervene as of right, the Court will still allow her to intervene under Rule 24(b)."). Here, Marti and Zeman's motion meets the relevant criteria for permissive intervention under Rule 24(b)(1)(B).

**A.    Marti and Zeman's Motion Is Timely**

Marti and Zeman's motion is timely for the same reasons set forth *supra* at Section II.A. Marti and Zeman have filed their motion at the very outset of this litigation, prior to any discovery or the setting of a trial date, and the timing of their motion has caused no prejudice to any party nor wasted any of the Court's resources.

**B.    Marti and Zeman's Interests Share Common Questions of Law and Fact with This Action**

It is beyond cavil that Marti and Zeman's interests share common questions of both law and fact with the Bender-Misri Action.  The Complaint in the Bender-Misri Action is a virtual carbon copy of the Complaints in the Alabama Actions, meaning that this Action asserts exactly the same claims as the Alabama Actions, against the same Defendants, on behalf of an identically defined Class, of which Marti and Zeman are both members by virtue of their Class Period purchases of Vertex securities. *See generally* Dkt. No. 1; Passmore Action Dkt. No. 1; Levson Action Dkt. No. 1.  Moreover, Marti and Zeman have sought appointment as Lead Plaintiffs of the Class in the Alabama Actions, while Bender and Misri have improperly filed a parallel motion for appointment as Lead Plaintiffs of the Class in the Bender-Misri Action.  Adjudication of these

11

motions pursuant to the PSLRA entails, *inter alia*, assessing which of the various movants has the largest financial interest in this litigation and also satisfies the adequacy and typicality requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(B)(iii)(I).  This statutory inquiry involves factual and legal analyses that are identical with respect to all competing applicants.  Common questions of law and fact thus not only exist but in fact predominate as between the relief that Marti and Zeman seek in the Alabama Actions and this Action.

> **C.    Intervention Will Cause No Undue Delay or Prejudice to the Original Parties**

Marti and Zeman's intervention in this Action will cause no undue delay or prejudice to the original parties, for the same reasons stated *supra* at Sections II.A. and III.A.  Marti and Zeman filed their motion promptly at the outset of this Action, prior to any discovery or the setting of a trial date, thereby avoiding any undue delay to this proceeding or prejudice to the Plaintiffs or Defendants.

**IV.    A STAY OF THE PROCEEDINGS IN THIS ACTION IS WARRANTED PENDING RESOLUTION OF THE MOTIONS FOR CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF IN THE ALABAMA ACTIONS**

In determining whether to grant a stay, courts in the Fifth Circuit "primarily consider three factors: 1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set."  *Eon Corp.*, 2012 WL12911054, at *1.  Here, Marti and Zelman respectfully submit that all three factors weigh heavily in favor of granting the requested stay.

> **A.    A Stay Will Not Prejudice or Disadvantage Any Nonmoving Party**

Granting the requested stay will not unduly prejudice the interest of any party in the Bender-Misri Action.  With respect to Plaintiffs/Movants Bender and Misri, the relief that they seek in this Action—namely, appointment as Lead Plaintiffs in a securities class action in which

their fraud claims against the Defendants will be prosecuted—is under adjudication in the substantively similar Alabama Actions. As discussed, the Alabama Actions allege substantively identical claims against the Defendants, and both of the Alabama Actions were filed prior to the Bender-Misri Action. Pursuant to the PSLRA, on the statutory motion deadline of June 12, 2023, two putative class members or groups thereof—Marti and Zeman (jointly) and Passmore (individually)—correctly filed Lead Plaintiff motions in the Alabama Actions (Passmore Action Dkt. Nos. 21, 23), while Bender and Misri improperly filed a similar Lead Plaintiff motion only in the Bender-Misri Action (Dkt. No. 3). On June 26, 2023, Bender and Misri belatedly filed a Notice in the Alabama Actions alerting that court to the filing of their motion in the Bender-Misri Action and asking that it be considered alongside the properly filed motions of Marti and Zeman and Passmore. Passmore Action Dkt. No. 29. Accordingly, the court in the Alabama Actions will adjudicate the three competing Lead Plaintiff applications and, following the appointment of a Lead Plaintiff, the court in the Alabama Actions will likewise adjudicate the claims of the Class— which are identical to the claims of the identically defined Class in the Bender-Misri Action. Accordingly, given that the only relief that Bender and Misri have sought in this Court will be adjudicated in the Alabama Actions, there will be no prejudice to Bender and Misri if this Action is stayed until such time as a Lead Plaintiff has been appointed in the Alabama Actions.

Nor will there be prejudice to the interests of the Defendants in this Action. To the contrary, if this action is *not* stayed, then the Defendants will find themselves in the position of concurrently litigating two identical sets of claims in two putative securities class actions in two different judicial districts. Staying this Action, meanwhile, will relieve the Defendants of such potentially duplicative efforts until there is greater clarity as to where the Class's claims will proceed and under whose leadership. Following consolidation of the Alabama Actions and the appointment of

13

a Lead Plaintiff, Marti and Zeman respectfully submit that one or more of the parties can be anticipated to seek to transfer the Bender-Misri Action to the Southern District of Alabama for consolidation with the Alabama Actions—*i.e.*, such that only one consolidated putative Class action alleging the claims currently asserted in both litigations is pending in a single District. Marti and Zeman respectfully submit that the Defendants' interests will thus be well served by a stay of this litigation.

### B.        A Stay Will Simplify the Issues in Question

A stay will also simplify the issues in question in this litigation because it will enable the pending motions for consolidation of the Alabama Actions and appointment of a Lead Plaintiff to proceed without the risk of a conflicting ruling entered in this Action. Currently this Court is faced with a single motion for appointment as Lead Plaintiff, improperly filed by Bender and Misri, while the court in the Alabama Actions faces two Lead Plaintiff motions properly filed by other Class members, along with Bender and Misri's belated request to be appointed as Lead Plaintiff in the Alabama Actions simply by virtue of having improperly filed a motion in this Action. Absent a stay, there is an obvious risk of conflicting rulings as between the two courts' adjudications of the concurrently filed Lead Plaintiff motions, an outcome that would plainly complicate significant threshold issues in this litigation—namely, under whose leadership and in which District will this putative class action proceed? Consistent with the purposes of the PSLRA, the Class's claims must proceed in a single consolidated action rather than in duplicative parallel proceedings in the Southern District of Texas and Southern District of Alabama, respectively. If this Court grants Bender and Misri's improper motion and appoints them as Lead Plaintiffs in this Action, while the court in the Alabama Actions concurrently appoints Marti and Zeman as Lead Plaintiffs in a consolidated action in the Southern District of Alabama, each set of Lead Plaintiffs will likely seek to maintain the class action in the District in which they were appointed. This will foreseeably

14

result in the separately appointed Lead Plaintiffs filing competing cross-motions to transfer this Action to the Southern District of Alabama and the Alabama Actions to this District, which will necessarily require adjudication by different judges sitting in different Districts—thereby risking further conflicting rulings and generally compounding the inefficiency that Bender and Misri have already introduced to this litigation by filing this Action. By contrast, staying the Bender-Misri Action pending appointment of Lead Plaintiffs in the Alabama Actions will place the proceedings on a significantly cleaner procedural footing, with only a single set of Lead Plaintiffs empowered to act for the Class. That Lead Plaintiff will then, via either stipulation or motion practice with the Defendants, determine the appropriate venue in which a single consolidated class action will proceed.

### C.       No Discovery Has Occurred and No Trial Date Has Been Set

Finally, no discovery has occurred in this action and no trial date has been set. This litigation is at its earliest stages. The Complaint in the Bender-Misri Action was filed only 17 days ago. Moreover, as a PSLRA action, the Bender-Misri Action is also subject to a mandatory stay of discovery pending resolution of any motion(s) to dismiss. *See* 15 U.S.C. §78u-4(a)(3)(B)(iv). The parties to this action have yet to incur any time and expense in connection with discovery, and staying this action at its outset thus prejudices none of the parties nor results in any waste of the Court's resources.

### CONCLUSION

For the foregoing reasons, Marti and Zeman respectfully request that the Court enter an Order: (1) granting Marti and Zeman's motion to intervene in the Bender-Misri Action pursuant to Rule 24; and (2) staying the Bender-Misri Action pending resolution of motions for: (a) consolidation of the Alabama Actions pursuant to Fed. R. Civ. P. 42(a); and (b) appointment of a Lead Plaintiff in the consolidated Alabama Actions pursuant to the PSLRA.

Dated:  June 29, 2023

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman (attorney-in-charge)
(S.D. Tex. Federal Bar Number 1466757)
J. Alexander Hood II (of counsel)
(S.D. Tex. Federal Bar Number 3086579)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movants Guillermo Marti and
Frank J. Zeman*

16

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 29, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman

17