UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC BENDER and NADER MISRI, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 4:23-cv-02145 |
| | § | Honorable Lee H. Rosenthal |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | |
| | § | |
| VERTEX ENERGY, INC., et al.,, | § § | |
| | § | |
| Defendants. | § § | |
| | § | |

**WILLIAM C. PASSMORE'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING LEAD PLAINTIFF MOTION**

4892-4715-1214.v1

Two securities class actions filed 60 and 17 days ago in the Southern District of Alabama are substantively identical to this action. *See Passmore v. Vertex Energy, Inc.*, No. 1:23-cv-00128-TFM-N (S.D. Ala.); *Levson v. Vertex Energy, Inc.*, No. 1:23-cv-00197-KD-N (S.D. Ala.). Pursuant to the framework for the appointment of lead plaintiff set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the resulting statutory notice published in connection with the first-filed *Passmore* Action, the deadline for seeking appointment of lead plaintiff was June 12, 2023. On that date, proposed intervenor William C. Passmore and two other class members filed motions before Judge Terry F. Moorer of the Southern District of Alabama seeking consolidation of the *Passmore* and *Levson* Actions and the appointment of lead plaintiff, which remain pending. Two weeks after the statutory deadline, Mr. Bender and Mr. Misri filed a "Notice" before Judge Moorer, asking that court to take notice of the motion filed in this Court.

Instead of seeking lead plaintiff appointment in the Southern District of Alabama on June 12, 2023, Mr. Bender and Mr. Misri inexplicably filed this Action in this Court just hours before the statutory deadline expired in the *Passmore* and *Levson* Actions.[1] Mr. Passmore is seeking to intervene in this Action for the limited purpose of requesting that the Court deny Mr. Bender and Mr. Misri's lead plaintiff motion so that the consolidation and lead plaintiff appointment process is completed in the first-filed case pending in the Southern District of Alabama in accordance with, and

---

[1] Given that Mr. Bender and Mr. Misri were aware of the *Passmore* Action when their complaint was filed and have since requested consideration as lead plaintiff candidates in the *Passmore* Action (albeit in a belated and procedurally defective manner), it is unclear why Mr. Bender and Mr. Misri filed a complaint in this Court at all, let alone why they waited two weeks without informing Judge Moorer (or the rest of the putative class) of their filing in this case. Regardless of whether the tactical impetus was designed to elicit some sort of "last mover" advantage or avoid the need to retain local counsel in the Southern District of Alabama, one thing is clear: "A principal purpose of the PSLRA was to prevent just the kind of gamesmanship in which [Mr. Bender, Mr. Misri,] and its counsel have engaged here, by putting everyone who wanted lead plaintiff status on an equal footing, with a decision to be made on the merits and under a strict timetable." *Gutman v. Sillerman*, 2015 WL 13791788, at *3 (S.D.N.Y. Dec. 8, 2015). Unless otherwise noted herein, all emphasis is added and citations are omitted.

as contemplated by, the PSLRA. *See China Agritech, Inc. v. Resh*, _ U.S. _, 138 S. Ct. 1800, 1812-14 (2018) (Sotomayor, J., concurring) ("The PSLRA thus contemplates a process by which all prospective class representatives come forward ***in the first-filed class action*** and make their arguments to the court for lead-plaintiff status."); *Grodko v. Teva Pharm. Indus. Ltd*., 2018 WL 10847659, at *5 (E.D. Pa. Apr. 10, 2018) ("Congress thus did not intend the PSLRA to supplant all mechanisms at district courts' disposal to prevent duplicative litigation. . . . This is undoubtedly why courts have regularly applied the first-filed rule in PSLRA actions . . . .") (collecting cases); *Multi-Shot, LLC v. B & T Rentals, Inc*., 2010 WL 376373, at *4 (S.D. Tex. Jan. 26, 2010) (Rosenthal, J.) ("Courts have consistently held that in cases of duplicative filings in two federal courts, the 'first-filed' court 'is the more appropriate forum in which to determine whether the first-filed case should proceed, or whether it should give way for reasons of judicial economy.'"). Pursuant to LR 7.1D, counsel for Mr. Passmore met and conferred with counsel for respondents Mr. Bender and Mr. Misri and were unable to reach an agreement on the disposition of this motion.[2]

Mr. Passmore readily meets all elements of intervention as of right and permissive intervention under Rule 24 of the Federal Rules of Civil Procedure. Rule 24 provides that, upon timely motion, a party may intervene as of right if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).[3] Courts allow intervention in

---

[2]   In support of Mr. Passmore's request that the Court deny Mr. Bender and Mr. Misri's lead plaintiff motion, Mr. Passmore respectfully submits William C. Passmore's Opposition to Competing Motion for Appointment as Lead Plaintiff, filed June 30, 2023 in the first-filed *Passmore* Action (attached as Exhibit A to the Declaration of Joe Kendall in Support of William C. Passmore's Motion to Intervene for the Limited Purpose of Opposing Lead Plaintiff Motion ("Kendall Decl.").

[3]   "Permissive intervention under Rule 24(b) is discretionary. Rule 24(b) provides, in pertinent part, that '[u]pon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In

- 2 -

class actions liberally because of the policy expressed by Rule 23 of the Federal Rules of Civil Procedure, providing that the "court may issue orders . . . to protect class members and fairly conduct the action." Fed. R. Civ. P. 23(d)(1).

Mr. Passmore developed and filed the first securities class action complaint on behalf of Vertex Energy, Inc. investors, which was subsequently copied – almost verbatim – by Mr. Bender and Mr. Misri and re-filed in this District under their names. *See* Kendall Decl., Ex. B.[4] Mr. Passmore likewise published a notice on *Business Wire* pursuant to the PSLRA – which Mr. Bender and Mr. Misri attached to their motion filed in this Court – informing investors about the suit pending in the Southern District of Alabama and setting a deadline for seeking appointment as lead plaintiff in that case on June 12, 2023.[5] On June 12, 2023, Mr. Passmore filed a motion in the Southern District of Alabama seeking appointment as lead plaintiff.

The copy-cat complaint filed by Mr. Bender and Mr. Misri in this Action overlaps entirely with Mr. Passmore's claims. ***Mr. Bender and Mr. Misri's complaint is filed on behalf of the same***

---

exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Stewart v. City of Houston*, 2009 WL 783319, at *2 (S.D. Tex. Mar. 24, 2009) (quoting Fed .R. Civ. P. 24(b)).

[4]   Mr. Bender and Mr. Misri's failure to certify that they authorized the filing of the complaint lodged on their behalf in this Court – as the PSLRA requires – calls into question whether and when they became aware that a complaint would be filed under their names in this District (as opposed to lead plaintiff motions in the Southern District of Alabama). *Compare* 15 U.S.C. §78u-4(a)(2)(A) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that – (i) states that the plaintiff has reviewed ***the*** complaint ***and authorized its filing*** . . . .") *with* ECF 1 at 20 of 21 ("I have reviewed ***a*** Complaint against Vertex Energy, Inc. ('Vertex' or the 'Company') ***and authorize the filing of a motion on my behalf for appointment as lead plaintiff*.").

[5]   Importantly, because Mr. Bender and Mr. Misri filed their complaint and motion at the eleventh hour in an entirely different court, no other putative class members were on notice to file motions in this Action. Surely the PSLRA, which was enacted, in part, to eradicate lawyer-driven aspects of securities class action litigation, did not contemplate that counsel for a lead plaintiff candidate could usurp the lead plaintiff role simply by filing a complaint in a non-noticed jurisdiction that no other class members were aware of.

- 3 -

4892-4715-1214.v1

***putative class of investors against the same defendants, alleges the same Class Period, and brings***

***identical claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934***.  Mr. Passmore is

a class member in this Action and his lead plaintiff motion in the *Passmore* Action seeks the same

exact relief as Mr. Bender and Mr. Misri's lead plaintiff motion in this Action.  In other words, Mr.

Passmore seeks to intervene in this Action to protect his interest in serving as the lead plaintiff on

behalf of an identical class and to protect against an end-run around the PSLRA's lead plaintiff

process.  Mr. Passmore's motion to intervene is timely, as it is being filed ahead of the deadline to

respond to Mr. Bender and Mr. Misri's improperly-filed complaint and motion in this Court, and it

will not unduly delay or prejudice the adjudication of the original parties' rights.  Accordingly,

because Mr. Passmore satisfies Rule 24's requirements for intervention, he respectfully requests that

the Court allow him to intervene in this Action for the limited purpose of opposing Mr. Bender and

Mr. Misri's lead plaintiff motion.[6]

DATED:  July 3, 2023

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700) (S.D.
Tex. Bar No. 30973)

*s/ Joe Kendall*
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

---

[6]   Rule 24 requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  Mr. Passmore adopts the complaint filed in the *Passmore* Action as his pleading for the purposes of this motion to intervene. *See* Kendall Decl., Ex. B.

- 4 -

- 5 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
DARRYL J. ALVARADO
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
dalvarado@rgrdlaw.com
jsanchez@rgrdlaw.com

Counsel for Intervenor William C. Passmore

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 3rd day of July, 2023.

s/ *Joe Kendall*
JOE KENDALL