UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC BENDER and NADER MISRI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> VERTEX ENERGY, INC., BENJAMIN P. COWART, and CHRIS CARLSON, <br><br> Defendants. | No.: 4:23-cv-02145 <br><br> CLASS ACTION <br><br> District Judge Lee H. Rosenthal |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits thereto, "Stipulation"), dated as of April 18, 2025, by and among (i) Co-Lead Plaintiffs Eric Bender ("Bender") and Nadar Misri ("Misri") (Bender and Misri, together, the "Lead Plaintiffs"), along with additional Plaintiff Phillip Laudino (collectively, "Plaintiffs") on behalf of themselves and on behalf of the Settlement Class, and (ii) Defendants Vertex Energy, Inc. ("Vertex" or "Company"), Benjamin Cowart ("Cowart"), and Chris Carlson ("Carlson") (Cowart and Carlson, together, the "Individual Defendants," and with Vertex collectively, "Defendants") by and through their undersigned attorneys, states all of the terms of the Settlement and resolution of this matter by the Parties and is intended by the Parties to fully and finally release, resolve, remise, and discharge the Released Claims against the Released Parties, subject to the approval of the United States District Court for the Southern District of Texas ("Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

1

**WHEREAS:**

### A.    The Actions

On April 13, 2023, William C. Passmore filed *Passmore v. Vertex Energy, Inc., et al*., Case No. 1:23-cv-128-TFM (S.D. Ala.) ("*Passmore* Action"), in the United States District Court for the Southern District of Alabama, alleging violations of the Securities Exchange Act of 1934 against Defendants. On May 26, 2023, Phil Levson filed *Levson v. Vertex Energy, Inc.*, Case. No. 1:23-cv-197-KD (S.D. Ala.) ("*Levson* Action"), in the same district, alleging substantially similar claims against the Defendants.

On June 12, 2023, Plaintiff Bender filed *Bender v. Vertex Energy, Inc. et. al.,* Case No. 4:23-cv-2145 (S.D. Tex.) ("*Bender* Action"), in the United States District Court for the Southern District of Texas, alleging substantially similar violations of the Securities Exchange Act of 1934, but insisting that venue was proper in this District. Dkt. No. 1 at 2. On July 20, 2023, the *Bender* Action was referred to United States District Judge Terry F. Moorer, of the Southern District of Alabama, for issues involving consolidation and appointment of Lead Plaintiff. On January 24, 2024, Judge Moorer ordered the *Levson* and *Passmore* Actions consolidated with the *Bender* Action, ruled the Southern District of Texas to be the proper venue, and ordered the *Levson* and *Passmore* Actions transferred to this District. Dkt. No. 36.

On February 1, 2024, the Court appointed Bender and Misri as Lead Plaintiffs and appointed Lead Plaintiffs' chosen counsel, The Rosen Law Firm, P.A., as Lead Counsel, and Condon Tobin Sladek Thornton Nerenberg PLLC as Liaison Counsel. Dkt. No. 39.

On April 5, 2024, Plaintiffs filed the Amended Class Action Complaint against Defendants. Dkt. No. 49. Defendants filed their Motion to Dismiss the Amended Class Action Complaint on June 7, 2024, Plaintiffs filed their Response on July 19, 2024, and the Motion to Dismiss was fully

briefed on August 20, 2024. Dkt. Nos. 57, 60, 63. On September 10, 2024, this Court held oral argument on Defendants' Motion to Dismiss. Dkt. Nos 62, 64. On February 4, 2024, the Parties informed the Court that all claims had been resolved and that the Parties would be executing a settlement agreement. At the time of Settlement, the Court had not yet ruled on Defendants' Motion to Dismiss.

### B.    The Bankruptcy Proceedings

On September 24, 2024, Defendant Vertex filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas (*In re Vertex Energy Inc., et al.*, No. 24-90507). Plaintiffs filed a Proof of Claim Form on October 21, 2024. On December 20, 2024, Vertex filed its Second Amended Chapter 11 Plan of Reorganization ("Plan"). That same day, Judge Christopher M. Lopez entered the Confirmation Order confirming the Plan with an effective date of January 21, 2025. Upon the effective date, Vertex emerged from bankruptcy as a private company.

### C.    The Settlement

On November 6, 2024, the Parties participated in a mediation with David M. Murphy of Philips ADR Enterprises P.C. Though the Consolidated Actions were not settled on that date, the Parties continued discussions with mediator Murphy, and on December 5, 2024, all Parties accepted a mediator's proposal for $6,300,000 in cash to settle the Consolidated Actions, in exchange for a full release of all claims against all Defendants. The Parties executed a Memorandum of Understanding on February 4, 2025.

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Consolidated Actions and to fully release all Released Claims against the Defendants and the Released Parties with prejudice, in return for specified consideration.

### D.    The Defendants' Denial Of Wrongdoing And Liability

Throughout the course of the Consolidated Actions and in this Stipulation, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Consolidated Actions. Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Consolidated Actions. Defendants believe the claims asserted against them are without merit.

Defendants have agreed to enter into this Stipulation to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as an admission by either Defendants or any of the Released Parties of any wrongdoing, fault, liability, or damages whatsoever.

### E.    Claims of Plaintiffs And Benefits of Settlement

Plaintiffs believe that the claims asserted in the Consolidated Actions have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Consolidated Actions against Defendants through trial and appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Consolidated Actions, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification, and at trial. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants

(by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Consolidated Actions and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Consolidated Actions shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1.    **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing the Notice and Proof of Claim, or Postcard Notice, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees.

1.2.    "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

1.3.    "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of Texas.

1.4.    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5.    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.6.    "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

1.7.    "Common Stock" means the shares of common stock of Vertex Energy, Inc.

1.8.    "Consolidated Actions" means collectively the putative class actions captioned *Bender v. Vertex Energy, Inc. et. al.,* Case No. 4:23-cv-2145 (S.D. Tex.); *Passmore v. Vertex Energy, Inc., et al*., Case No. 1:23-cv-128-TFM (S.D. Ala.); and *Levson v. Vertex Energy, Inc.*, Case. No. 1:23-cv-197-KD (S.D. Ala.).

1.9.    "Defendants" means Vertex Energy, Inc., Benjamin Cowart, and Chris Carlson.

1.10.    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.11.     The "Escrow Agent" is Strategic Claims Services. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.12.     "Effective Date" shall have the meaning set forth in ¶10.3 of this Stipulation.

1.13.      "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the release in ¶6.1, or shall affect or delay the date on which the Final Judgment becomes Final.

1.14.     "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Consolidated Actions, materially in the form attached hereto as Exhibit B.

1.15.     "Individual Defendants" means Benjamin Cowart and Chris Carlson, together.

1.16.     "Lead Counsel" means The Rosen Law Firm, P.A.

1.17.     "Liaison Counsel" means Condon Tobin Sladek Thornton Nerenberg PLLC.

1.18.    " Notice" means collectively, (a) the Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Long Notice"), (b) the Summary Notice of (I) Pendency of Class Action, and Proposed Settlement, (II) Settlement Hearing, and (III) Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice"), and (c) the Postcard Notice ("Postcard Notice"), that are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 (or other substantially similar forms mutually agreed to by the Parties or otherwise ordered by the Court) on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.19.    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.20.    " Party" means any one of, and " Parties" means all of, the parties to the Stipulation, namely Defendants and Plaintiffs (on behalf of themselves and the Settlement Class).

1.21.    "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.22.    "Plaintiffs" means Eric Bender and Nadar Misri, along with additional Plaintiff Phillip Laudino as identified in the opening paragraph of this Stipulation.

1.23.    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.24.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.25.    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.26.    "Related Parties" means, with respect to each Released Party, the immediate family members, heirs, executors, administrators, successors, assigns, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

1.27.    "Released Claims" means any or all of the Released Plaintiffs' Claims and the Released Defendants' Claims, including any and all Claims and Unknown Claims (as defined in ¶1.39) whether arising under federal, state, common, or foreign law, that Plaintiffs or any other member of the Settlement Class asserted or could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions referred to in the operative complaint in these Consolidated Actions. Notwithstanding

9

the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.28.    "Released Defendants' Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims), asserted or unasserted, whether arising under federal, state, common or foreign law arising from the institution, prosecution, or settlement of the Consolidated Actions, except any Claims (i) to enforce this Stipulation or the Settlement, (ii) against any Opt-Out, or (iii) Defendants may have against any insurer with respect to obligations to fund the Settlement Amount or any portion thereof.

1.29.    "Released Parties" means Vertex Energy, Inc., Benjamin Cowart, and Chris Carlson, and each and all of their Related Parties, including all of Vertex's current and former officers, directors, and employees.

1.30.    "Releasing Parties" means Plaintiffs, each and every Settlement Class Member, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

1.31.    "Released Plaintiffs' Claims" means any and all Claims and causes of action of every nature and description, whether known or unknown (including, for the avoidance of doubt, Unknown Claims), asserted or unasserted, whether arising under federal, state, common or foreign law, whether class, individual, or derivative in nature, that Plaintiffs or any Settlement Class Member has asserted in the Consolidated Actions, or could have asserted in either the Consolidated Actions or in any future action in any United States forum, whether directly, derivatively, or on behalf of a class, that concern, arise out of, refer to, are based upon, or are

10

related in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in the Consolidated Actions.

1.32.    "Settlement" means the settlement contemplated by this Stipulation.

1.33.    "Settlement Amount" means the sum of $6,300,000.00 (Six Million Three Hundred Thousand U.S. Dollars). The Settlement Amount includes all Administrative Costs, Lead Counsel's attorneys' fees and expenses (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees or any kind whatsoever associated with the Settlement.

1.34.    "Settlement Class" means all persons who purchased or otherwise acquired the common stock of Vertex Energy, Inc. during the Settlement Class Period, except that excluded from the Settlement Class are all: (i) Individual Defendants; (ii) the officers and directors of Vertex and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which Individual Defendants have or had a controlling interest; and (v) Opt-Outs.

1.35.    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.36.    "Settlement Class Period" means the period from May 10, 2022, through August 8, 2022, inclusive.

1.37.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.38.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether

the Settlement contained in the Stipulation is fair, reasonable, and adequate, and therefore, should receive final approval from the Court.

1.39.    "Unknown Claims" means all Claims of every nature and description which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Parties, or might have affected his, her, or its decision not to opt-out or object to this Settlement.

2.    **The Settlement Consideration**

2.1.    In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Defendants shall, within twenty-one (21) calendar days after the later of: (a) the date of entry by the Court of an order preliminarily approving the Settlement, or (b) Defendants' receiving from Plaintiffs the information necessary to effectuate a transfer of funds to the Escrow Account, pay or cause to be paid the Settlement Amount into an Escrow Account established by the independent Claims Administrator, by wire transfer or check, provided that the Escrow Agent has provided Defendant's counsel with complete wire and transfer information and instructions.

2.2.    Under no circumstances will Defendants be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, or in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel.

**3.     Handling And Disbursement Of Funds By The Escrow Agent**

**3.1.**     No monies will be disbursed from the Settlement Fund until after the Effective Date except:

**(a)**     As provided in ¶3.4 below;

**(b)**     As provided in ¶8.2 below;

**(c)**     As provided in ¶10.9 below, if applicable; and

**(d)**     To pay Taxes and Tax Expenses (as defined in ¶4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior order of the Court.

**3.2.**     The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this paragraph.

**3.3.**     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

13

3.4.        At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $275,000 (Two Hundred Seventy-Five Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

**4.     Taxes**

4.1.        The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, or any liability whatsoever with respect to the Settlement Fund's compliance with any regulations promulgated by the U.S. Treasury Department.

(a)        For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on

14

the income earned by the Settlement Fund shall be paid out of the Settlement Fund. Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, or any liability whatsoever with respect to the Settlement Fund's compliance with any regulations promulgated by the Internal Revenue Service.

   **(b)**  All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, their insurers and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their insurers and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶4.1. The Parties agree to cooperate with each other, and

15

their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

### 5.    Preliminary Approval Order, Notice Order, And Settlement Hearing

5.1.    Once the Stipulation is executed, Plaintiffs agree to share with Defendants, for review and comment, a draft of Plaintiffs' unopposed motion for preliminary approval to the Court no later than ten (10) days after the Stipulation is executed. The Parties shall use their best efforts to finalize and file the motion within twenty (20) days of execution of the Stipulation. The Parties agree that theses deadlines may be extended by mutual agreement. The application for preliminary approval of the Settlement set forth in this Stipulation, includes entry of a preliminary approval order and approval for the mailing and dissemination of notice, substantially in the form of Exhibits A, A-1, A-2, A-3, and A-4. The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement, Lead Counsel's Fee and Expense Application (as defined in ¶8.1 of this Stipulation), the award to Plaintiffs or the Plan of Allocation, or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Long Notice, Summary Notice, and Postcard Notice before they are disseminated or otherwise provided to Settlement Class Members. Dissemination of Notice shall be solely the responsibility of Lead Counsel. Defendants shall not object to, or have any responsibility for, the dissemination of Notice or Lead Counsel's proposed Plan of Allocation.

5.2.    At the time of the submission described in ¶5.1 hereof, the Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order

and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**6.      Releases And Covenants Not To Sue**

6.1.      Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2.      With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

17

Plaintiffs and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

7.    **Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

7.1.    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

7.2.    The Settlement Fund shall be applied as follows:

(a)    To pay the Taxes and Tax Expenses described in ¶4.1 above;

(b)    To pay Administrative Costs;

(c)     To pay Lead Counsel's attorneys' fees and expenses and payments to the Plaintiffs for reimbursement of their time and expenses (the "Fee and Expense Award"), to the extent awarded by the Court; and

(d)     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶7.2(a), (b), and (c) hereof ("Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

7.4.     This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants. Defendants, their counsel, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.        It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.        To assist in dissemination of Notice, Defendants will cooperate in obtaining from the Company's transfer records information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in such transfer records ("Settlement Class Information"). Defendants shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs, within fourteen (14) calendar days after the Court signs an order preliminarily approving the Settlement, transfer records in electronic searchable form, such as Excel, containing the Settlement Class Information. The Parties acknowledge that any information provided to Lead Counsel or the Claims Administrator by Defendants pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel or the Claims Administrator solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

## 8.    Lead Counsel's Attorneys' Fees And Reimbursement Of Expenses

8.1.        Lead Counsel may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for: (i) an

award of attorneys' fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Consolidated Actions; and (iii) payments to Plaintiffs for reimbursement of their time and expenses in connection with the Consolidated Actions. Defendants shall take no position with respect to the Fee and Expense Application(s).

**8.2.** Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund immediately after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then, Plaintiffs, through Lead Counsel and the Claims Administrator, shall return the Settlement Amount and any interest earned thereon to the source(s) of the Settlement Amount to the Escrow Account, within fifteen (15) Business Days of the denial of approval or Defendants' termination, pursuant to Defendants' instructions, less notice and administration expenses. Lead Counsel, on behalf of their firms and each partner and/or shareholder of their firms, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Lead Counsel, and each such firms' partners and/or shareholders, agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings for sanctions for contempt against that firm or any of its partners and/or shareholders should such law firm fail to timely repay

fees and expenses pursuant to this paragraph. Any amounts awarded by the Court to Plaintiffs for reimbursement of their time and expenses shall not be paid from the Settlement Fund until after the Effective Date.

8.3.       The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order of or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4.       Any award of attorneys' fees and/or expenses to Lead Counsel or reimbursement payments to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the Settlement Amount paid to the Settlement Class accordingly. Defendants, their counsel, and their insurers shall have no responsibility for payment of Lead Counsel's attorneys' fees and expenses or other awards to Plaintiffs beyond the obligation of Defendants to pay, or to cause the payment of, the Settlement Amount as set forth in ¶2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

## 9.       Class Certification

9.1.       In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the

Settlement fails to become effective for any reason, all Parties reserve all of their rights on all issues, including class certification. For purposes of this settlement only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

### 10.    Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination

10.1.    Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Parties within seven (7) Business Days of:

(i)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)    entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)    entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)    entry of a Court order refusing to dismiss the Consolidated Actions with prejudice;

(v)    entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; or

(vi)    failure on the part of any Party to abide, in material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated in ¶10.2, ¶10.2, ¶10.5, or ¶10.6, no Party shall have the right to terminate the Stipulation for any reason.

**10.2.**     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein, including all attorneys' fees and expenses required to enforce the terms of this Stipulation.

**10.3.**     The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

      **(a)**     Defendants have not exercised their option to terminate the Settlement pursuant to ¶10.5;

      **(b)**     The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

      **(c)**     The Settlement Amount has been paid into the Escrow Account, as set forth in ¶2.1;

      **(d)**     The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

      **(e)**     The Final Judgment has become Final as defined in ¶1.13; and

      **(f)**     The Consolidated Actions have been dismissed with prejudice.

**10.4.**     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.5.      If prior to final Court approval of the Settlement, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased common stock during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the parties ("Supplemental Agreement"), then Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises, or as ordered by the Court.

10.6.      If some or all of the conditions specified in ¶10.3 above are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated, unless all of the Parties agree in writing to proceed with this Stipulation, except that Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶2.1. None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

10.7.      In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Parties shall be restored to their respective positions in the

25

Consolidated Actions immediately prior to February 4, 2025, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Actions shall be preserved without prejudice.

10.8.    In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Consolidated Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.9.    In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within fifteen (15) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent, to Defendants, or, at Defendants' direction, to their insurer(s), in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the Defendants.

10.10.    No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

11.    **No Admission Of Liability Or Wrongdoing**

11.1.    The Parties covenant and agree that this Stipulation, the fact of any terms of the Settlement, any communication relating thereto, or the Supplemental Agreement, shall not be used as evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Consolidated Actions, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Consolidated Actions, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any

purpose whatsoever; provided, however, that the Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding to enforce the Settlement or Supplemental Agreement or Final Judgment, whether in the Court or otherwise, as may be necessary, or as otherwise required by law.

       **12.**     **Miscellaneous Provisions**

       **12.1.**     Except in the event of the filing of a Termination Notice pursuant to ¶¶10.1, 10.2, 10.5 or 10.6 of this Stipulation or termination notice in accordance with the Supplemental Agreement, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

       **12.2.**     The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

       **12.3.**     Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

       **12.4.**     Plaintiffs and Lead Counsel represent and warrant that the Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Consolidated Actions or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Consolidated Actions, have been assigned, encumbered, or in any manner transferred, in whole or in part.

       **12.5.**     This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Parties related to the Settlement and supersedes any

prior agreements. No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties, and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear its own costs.

   **12.6.**  This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

   **12.7.**  This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

   **12.8.**  The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

   **12.9.**  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

   **12.10.**  This Stipulation may be executed in any number of counterparts by any of the signatories hereto, and the transmission of an original signature page electronically (including by facsimile, email, or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.** This Stipulation, the Settlement, the Supplemental Agreement, and any disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of Texas without regard to conflict of laws principles.

**12.12.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.13.** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.14.** Plaintiffs, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in the Consolidated Actions agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of the Consolidated Actions against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of the Consolidated Actions, and (c) they will not discuss any confidential matters related to the Consolidated Actions or the Settlement with anyone.

**12.15.** All agreements by, between, or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this

30

Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.16.    The Parties shall not assert or pursue any action, claim, or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Consolidated Actions, the Settlement, the Stipulation or the Supplemental Agreement. The Parties agree that the Consolidated Actions were resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

12.17.    Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

12.18.    The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

12.19.    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: April 18, 2025

THE ROSEN LAW FIRM, P.A.

By: /s/ Jacob A. Goldberg
Jacob A. Goldberg (pro hac vice)
Gonen Haklay (pro hac vice)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
jgoldberg@rosenlegal.com
ghaklay@rosenlegal.com

*Lead Counsel for Plaintiffs and the Proposed
Class*

THE SCHALL LAW FIRM

Brian Schall
2049 Century Park E #2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel for Plaintiffs and the
Settlement Class*

Dated: April 18, 2025

BUCHALTER

By: /s/ Ashwin J. Ram
Ashwin J. Ram
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
Tel: (213) 891-5035
Email: aram@buchalter.com

Evan Goldstick
180 North LaSalle Street, Suite 3300
Chicago, IL 60601

32

Tel: (312) 980-5760
Email: egoldstick@buchalter.com

STEPTOE LLP
David Isaak
717 Texas Avenue, Suite 2800
Houston, Texas 77002-2761
Tel: (713) 221-2356
Email: disaak@steptoe.com

*Attorneys for Defendants Vertex Energy, Inc.,
Benjamin Cowart, and Chris Carlson*