# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC BENDER and NADER MISRI, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>VERTEX ENERGY, INC., BENJAMIN P. COWART, and CHRIS CARLSON,<br><br>          Defendants. | No.: 4:23-cv-02145<br><br>CLASS ACTION<br><br>District Judge Lee H. Rosenthal |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, (i) Co-Lead Plaintiffs Eric Bender and Nadar Misri, ("Lead Plaintiffs"), along with additional Plaintiff Phillip Laudino (collectively, "Plaintiffs") on behalf of themselves and the Settlement Class, and Defendants Vertex Energy, Inc. ("Vertex" or "Company"), Benjamin Cowart ("Cowart"), and Chris Carlson ("Carlson") (Cowart and Carlson, together, the "Individual Defendants," and with Vertex, "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated April 18, 2025 ("Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action ("Settlement"), pending before the Court entitled *Bender v. Vertex Energy, Inc. et. al.,* Case No. 4:23-cv-2145 (S.D. Tex.), along with consolidated cases *Passmore v. Vertex Energy, Inc., et al.*, Case No. 1:23-cv-128-TFM (S.D. Ala.); and *Levson v. Vertex Energy, Inc.*, Case. No. 1:23-cv197-KD (S.D. Ala.) ("Consolidated Actions"); and the Court having read and considered the Settlement

1

Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2025, that:

1.     Capitalized terms used herein have the meanings defined in the Stipulation.

2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Consolidated Actions are hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Vertex common stock during the period from May 10, 2022, through August 8, 2022, inclusive. Excluded from the Settlement Class are (i) the Individual Defendants; (ii) the officers and directors of Vertex and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which Individual Defendants have or had a controlling interest; and (v) opt-outs.

3.     This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action

is superior to other available methods for the fair and efficient adjudication of the Consolidated Actions.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

5.      The Court finds that (a) the Settlement resulted from good faith, arm's length negotiations, and (b) the Settlement is sufficiently fair, reasonable and adequate to the Settlement Class to warrant providing notice of the Settlement to the Settlement Class and convening a Settlement Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 2025 at __:___ _.m. for the following purposes:

(a)      to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine finally whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Consolidated Actions on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with

3

a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Lead Counsel for an award of attorneys' fees and expenses and an award to the Class Representatives;

(f)     to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Consolidated Actions, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court approves the form, substance and requirements of the Long Notice, Proof of Claim and Release Form, Summary Notice, and Postcard Notice annexed to the Stipulation as Exhibits A-1, A-2, A-3, and A-4 respectively.

9.     Lead Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all

acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11.     The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $275,000.00 (Two Hundred Seventy Five Thousand Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

12.     No later than fourteen (14) calendar days after the date of this Order, Defendants shall provide and/or cause their transfer agent to provide to Lead Counsel a list of the record owners of Vertex common stock during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

13.     Lead Counsel, through the Claims Administrator, shall take all reasonable efforts to give notice to nominees or custodians who held Vertex common stock during the Settlement Class Period as record owners but not as beneficial owner ("Nominees"). Such nominees or custodians shall, within ten (10) calendar days of receipt of notice, either (i) request from the Claims Administrator additional copies of the Postcard Notice for distribution to those beneficial owners; (ii) request from the Claims Administrator the link to the electronic Long Notice and Proof of Claim and Release Form for distribution to those beneficial owners; or (iii) send a list of the names and addresses (and email addresses, if available) of such beneficial owners to the Claims Administrator, in which event the Claims Administrator will mail or email the Postcard Notice to

those beneficial owners. If a Nominee elects to send Postcard Notices or the link to the electronic Long Notice and Proof of Claim and Release Form to beneficial owners, such Nominee shall send the Postcard Notices by first-class mail or the link to the electronic Long Notice and Proof of Claim and Release Form by email within ten (10) calendar days after receiving copies of those documents from the Claims Administrator. Upon making such mailing or emailing, the Nominee shall send a statement to the Claims Administrator confirming that the mailing or emailing was done as directed, and the Nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with this Order, including the timely mailing f the Postcard Notice or emailing of the link to the electronic Long Notice and Proof of Claim and Release Form to beneficial owners if the Nominee undertakes that responsibility, such Nominee may seek reimbursement of its reasonable expenses actually incurred in complying with this Order, up to either ($x$) \$0.02 per Postcard Notice actually mailed or emailed, plus postage for mailings at the rate used by the Claims Administrator; ($y$) \$0.02 per link to the electronic Long Notice and Proof of Claim and Release Form sent by email; or ($z$) \$0.02 per name, address, and email address provided to the Claims Administrator. Nominees may claim such reimbursement by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Postcard Notice or emailing of the link to the electronic Long Notice and Proof of Claim and Release Form if applicable. Such properly documented reasonable expenses incurred by Nominees in compliance with the terms of this Order shall be treated as Administrative Costs. The Court will review and decide any disputes as to the reasonableness or documentation of expenses for which Nominees seek reimbursement.

14.    Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Postcard Notice or emailing of the link to the electronic Long Notice and Proof of Claim, and Release Form as required by this Order.

15.    Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Long Notice to be posted on the Claims Administrator's website within sixteen (16) calendar days after entry of this Order.

16.    By no later than the Notice Date, which date shall be at least sixty (60) calendar days before the deadline for objecting to or opting out of the proposed Settlement as set forth in this Order, Lead Counsel, through the Claims Administrator shall:

(a)    Mail, email, or cause to be mailed or emailed the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4, by first-class mail, postage prepaid, or by email, to all potential Settlement Class Members known to Lead Counsel or the Claims Administrator as of that date, at the addresses set forth in the records that Vertex provided or caused to be provided or otherwise known to the Claims Administrator, and

(b)    Notify Nominees about the proposed Settlement so that the Nominees can either mail the Postcard Notice or email the link to the electronic Long Notice and Proof of Claim and Release Form to beneficial owners who are potential Settlement Class Members or provide the names of those beneficial owners to the Claims Administrator, which will then mail or email Postcard Notices to those potential Settlement Class Members, as more fully provided in paragraph 13 above.

17.    Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published once over a newswire that distributes nationally in the United States (*e.g.*,

7

*GlobeNewswire*, *PR Newswire*) within ten (10) calendar days after the Notice Date. Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

18.    The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19.    To be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, either (i) electronically via the website www.strategicclaims.net/vertex by 11:59 p.m. ET on _____, 2025, or (ii) at the Post Office Box indicated in the Long Notice, postmarked no later than _____, 2025 (forty four (44) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form

8

submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten

9

(10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Consolidated Actions or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

20.    All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

21.    Settlement Class Members shall be bound by all determinations and judgments in these Consolidated Actions, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2025 (twenty-one (21) calendar days prior to the Settlement Hearing) ("Exclusion Deadline"), to the addresses listed in the Long Notice. To be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if

10

any) of the person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Bender v. Vertex Energy, Inc. et. al.,* Case No. 4:23-cv-2145 (S.D. Tex.)," and (B) state the date, number of shares and dollar amount of each Vertex common stock purchase or acquisition during the Settlement Class Period, and any sale transactions, and the number of shares of Vertex common stock held by the person as of the close of trading on August 8, 2022. To be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Vertex common stock during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Vertex common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

23.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

11

24.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

25.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing date:

LEAD COUNSEL:

Jacob A. Goldberg, Esq.
The Rosen Law Firm, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, Pennsylvania 19046

COUNSEL FOR DEFENDANTS:

Ashwin J. Ram
Steptoe LLP
633 West Fifth Street, Suite 1900
Los Angeles, California 90071

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of Texas, 515 Rusk Street, Houston, Texas 77002. To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number; (2) a list of all purchases and sales of Vertex common stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel

12

who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Consolidated Actions; and shall also be foreclosed from appealing from any judgment or order entered in the Consolidated Actions.

27.     The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

28.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty five (35) calendar days before the Settlement Hearing.

29.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

30.     Defendants, their counsel, their insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses or payments to the Class Representatives submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation, all proceedings in the Consolidated Actions, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation, are hereby stayed and suspended until further order of the Court.

32.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as

such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

33.     Neither the Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their insurers or any of the other Released Parties of the truth of any of the allegations in the Consolidated Actions, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in the Consolidated Actions.

34.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to February 3, 2025, pursuant to the terms of the Stipulation.

35.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶6 above. The Court retains exclusive jurisdiction over the Consolidated Actions to consider all further matters

arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: _____, 2025                    _____
                                             HON. LEE H. ROSENTHAL
                                             UNITED STATES DISTRICT JUDGE