UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC BENDER and NADER MISRI, Individually and On Behalf of All Others Similarly Situated, Plaintiffs,<br><br>v.<br><br>VERTEX ENERGY, INC., BENJAMIN P. COWART, and CHRIS CARLSON,<br><br>Defendants. | No.: 4:23-cv-02145<br><br>CLASS ACTION<br><br>District Judge Lee H. Rosenthal |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION AND CERTIFICATION OF A CLASS FOR SETTLEMENT PURPOSES, AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND <u>AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)</u>**

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ..................................................................................... 1

II.    THE SETTLEMENT CLASS'S REACTION PROVIDES ADDITIONAL

SUPPORT FOR APPROVAL OF THE MOTIONS ........................................................... 3

   A.    The Settlement Class's Reaction to the Settlement Has been

   Overwhelmingly Favorable .................................................................... 3

   B.    The Settlement Class's Favorable Reactions also Strongly Supports

   Approval of Lead Plaintiff's Request for Attorneys' Fees and Expenses .............. 4

III.    CONCLUSION .................................................................................................... 5

Court-appointed Co-Lead Plaintiffs Eric Bender and Nadar Misri, along with Additional Plaintiff Phillip Laudino (collectively, "Plaintiffs")[1] on behalf of themselves, the proposed Settlement Class, and Lead Counsel respectfully submit this reply memorandum in further support of: Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and Certification of a Class For Settlement Purposes (Dkt. No. 76), and (2) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (Dkt. No. 78), (together, the "Motions").

## I.    PRELIMINARY STATEMENT

As detailed in Plaintiffs' and Lead Counsel's opening papers in support of the Motions filed on June 25, 2025 (Dkt. Nos. 76-80) ("Opening Papers"), the proposed Settlement—providing for a $6,300,00 cash payment in exchange for the resolution of all claims asserted in the Consolidated Actions against Defendants—is fair, reasonable, and adequate under Rule 23(e)(2) and an excellent result for the Settlement Class. The Settlement accounts for the risks of continued prosecution of the Settlement Class's claims through the completion of the motion to dismiss, expert discovery, class certification, summary judgment, trial, and the inevitable post-trial appeals. The Settlement is the result of arm's-length negotiations before a highly experienced and respected mediator, and ultimately, the issuance of a mediator's proposal that the Consolidated Actions be resolved for the Settlement Amount. The Settlement Amount (after deduction of Court-approved fees and expenses) will be distributed fairly to Settlement Class Members pursuant to the Plan of

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the to them in the Stipulation of Settlement dated April 18, 2025 ("Stipulation") (Dkt. No. 72), (the "Stipulation") or in the Declaration of Gonen Haklay in Support of (1) Plaintiffs' Motion for Final Approval of Class Action Settlement, Plan of Allocation, and to Certify a Class For Settlement Purposes; and (2) Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs (Dkt. No. 80).

Allocation developed in consultation with Plaintiffs' damages expert. Likewise, Lead Counsel's request for a one-third fee and payment of expenses is fair and reasonable considering the excellent result achieved for the Settlement Class, the caliber of the work performed by Lead Counsel, and the significant risks presented in the Consolidated Actions.

In accordance with the Court's April 21, 2025 Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 75), the Court-appointed claims administrator, Strategic Claims Services ("SCS"), conducted an extensive notice campaign, disseminating 28,447 Postcard Notices, Long Notices, and Proof of Claim forms to potential Settlement Class Members and/or Nominee brokerage firms, published a Summary Notice once over a newswire that distributes nationally in the United States, *GlobeNewswire*, and posted relevant information and documents related to the Settlement—including the Stipulation—on the dedicated Settlement website: www.strategicclaims.net/Vertex.[2] This comprehensive notice program has informed Settlement Class Members of the Settlement, the Plan of Allocation, the requested fees and expenses, and the requested awards to Plaintiffs, as well as their options in connection with the Settlement. *See*, e.g., Initial Craig Decl., Exs. A-D.

There have been no objections to any aspect of the Settlement, including the Settlement Amount and terms, the Plan of Allocation, of Lead Counsel's request for attorneys' fees and expenses, or of the awards to Plaintiffs. In addition, out of the tens of thousands of potential Settlement Class Members that received notice of the Settlement, no Settlement Class Members

---

[2] *See* Supplemental Declaration of Margery Craig Concerning: (A) Mailing/Emailing of Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supp. Craig Decl."), at ¶¶3-5, attached as Exhibit A hereto, as well as the previously-filed Declaration of Margery Craig Concerning: (A) Mailing/Emailing of Notices; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections dated June 23, 2025 (Dkt. No. 80-1) ("Initial Craig Decl.").

have objected to the Settlement or requested exclusion, further underscoring the positive reaction of the Settlement Class. *See* Supp. Craig Decl., ¶6-7.

## II.   THE SETTLEMENT CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR APPROVAL OF THE MOTIONS

In their Opening Papers, Plaintiffs and Lead Counsel demonstrated that the Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses and awards to Plaintiffs are fair, reasonable and warrant the Court's approval. Now that the time for objecting or requesting exclusion has passed, the Settlement Class's reaction supports approval of the Motions.

### A.   The Settlement Class's Reaction to the Settlement Has been Overwhelmingly Favorable

The absence of any objections or requests for exclusion from the Settlement Class supports a finding that the Settlement and Plan of Allocation are fair, reasonable, and adequate. *See, e.g.*, *Burnett v. CallCore Media, Inc.*, 2024 WL 3166453, at *5 (S.D. Tex. June 25, 2024) ("A 'lack of objection from the class members supports the adequacy of the settlement.'") (citing *Celeste v. Intrusion Inc.*, 2022 WL 17736350, at *11 (E.D. Tex. Dec. 16, 2022)); *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement."); *See also, Marcus v. J.C. Penney Co., Inc.*, 2017 WL 6590976, at *5 (E.D. Tex. Dec. 18, 2017) (approving plan of allocation where "[n]o objections have been filed by any class members to the plan of allocation"), *R. & R. adopted*, 2018 WL 307024, at *1 (E.D. Tex. Jan. 4, 2018); *Schwartz v. TXU Corp.,* 2005 WL 3148350, at *24 (N.D. Tex. Nov. 8, 2005) (finding plan of allocation fair, reasonable, and adequate where, "there has only been one objection to the Plan of Allocation"). Indeed, courts regularly approve class action settlements despite receiving objections and requests for exclusion. *See, e.g., Spegele v. USAA Life Ins. Co.,* 2021 WL 4935978, at *9 (W.D. Tex. Aug. 26, 2021) (where four objections and 26 requests for exclusion were received, these "very small

number[s] … indicates the Settlement is well-received by absent class members, which supports approval"); *Schwartz,* 2005 WL 3148350, at \*22-23 (where eight objections were received, "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement").

**B.     The Settlement Class's Favorable Reactions also Strongly Supports Approval of Lead Plaintiff's Request for Attorneys' Fees and Expenses**

The positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and expenses, and the request for awards to Plaintiffs. The absence of any objection to the requested attorneys' fees and expenses, (Supp. Craig Decl. ¶7), strongly supports a finding that the requests are fair and reasonable. *See, e.g.*, *Glock v. FTS Int'l*, 2021 WL 1422714, at \*1 (S.D. Tex. Apr. 13, 2021) (Rosenthal, J.) (awarding 33% plus interest of a $9.875 million settlement when there were no objections); *Halliburton*, 2018 WL 1942227, at \*12 ( "lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award" and granting requested fee of one-third of the settlement fund); *Celeste* 2022 WL 17736350, at \*11 ( "the reasonableness of the fee award is supported further by the lack of any objection to the request" and granting requested fee of one-third of the settlement fund as "squarely in the accepted range" in the Fifth Circuit); *Spegele*, 2021 WL 4935978, at \*6 ( "only one object[ion] to the requested fee and expense award" out of over 110,000 potential class members "supports a finding that the Settlement is fair, reasonable, and adequate" and granting requested 30% fee).

Accordingly, the favorable reaction of the Settlement Class provides strong support for the Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and expenses (including Plaintiffs' requests for reimbursement of their reasonable costs incurred in representing

4

the Settlement Class in the Consolidated Actions), and awards to Plaintiffs, and this support warrants the Court's approval of the Motions.

## III.   CONCLUSION

For these reasons, and those set forth in their Opening Papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses, including Plaintiffs' request for costs pursuant to 15 U.S.C. §78u-4(a)(4), and the awards to Plaintiffs. Copies of: (i) the Supp. Craig Decl.; and (ii) the [Proposed] Order And Final Judgment, attached as Exhibit B hereto, are submitted herewith.

Dated: July 14, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Gonen Haklay*
Gonen Haklay (pro hac vice)
Jacob A. Goldberg (pro hac vice)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
ghaklay@rosenlegal.com
jgoldberg@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

Stuart L. Cochran (Texas Bar No.: 24027936)
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel: 214.265.3800
Fax: 214.691.6311
scochran@condontobin.com

*Liaison Counsel for Plaintiffs and the Class*

5

**THE SCHALL LAW FIRM**

Brian Schall
2049 Century Park E #2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Fax: (213) 519-5876
brian@schallfirm.com

*Additional Counsel*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2025 a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Gonen Haklay*
Gonen Haklay