UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC BENDER and NADER MISRI, Individually and On Behalf of All Others Similarly Situated, Plaintiffs,<br><br>v.<br><br>VERTEX ENERGY, INC., BENJAMIN P. COWART, and CHRIS CARLSON,<br><br>Defendants. | No.: 4:23-cv-02145<br><br>CLASS ACTION<br><br>District Judge Lee H. Rosenthal |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND**

Co-Lead Plaintiffs Eric Bender and Nadar Misri ("Lead Plaintiffs"), along with Additional Plaintiff Phillip Laudino (collectively, "Plaintiffs"), submit this Memorandum of Law in support of their motion for entry of the [Proposed] Order for Distribution of the Net Settlement Fund ("Distribution Order"), submitted herewith. Upon the Court's entering the Distribution Order, it will (i) approve the Claims Administrator's recommendations, accepting and rejecting Claims submitted in the Action; and (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants. The Court appointed Strategic Claims Services as Claims Administrator ("SCS" or "Claims Administrator"). SCS has completed the claims administration process and details the proposed plan for distribution of the Net Settlement Fund in The Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Declaration"), attached hereto as Exhibit 1.

1

## I.       NATURE AND STAGE OF THE PROCEEDINGS

This is a securities class action, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and United States Securities and Exchange Commission Rule 10b-5 thereunder against defendants Vertex Energy, Inc. ("Vertex" or "Company"), Benjamin Cowart, and Chris Carlson (together, the "Individual Defendants," and with Vertex, "Defendants").

On April 18, 2025, the Parties entered into the Stipulation, the terms of which established a $6,300,000 Settlement on behalf of the Settlement Class. The Court granted preliminary approval of the Settlement on April 21, 2025. (Dkt. No. 75). The Court granted final approval of the Settlement on July 21, 2025. (Dkt. No. 86). Plaintiffs now move to distribute the Settlement Fund to Authorized Claimants.

## II.       STATEMENT OF ISSUES TO BE RULED UPON AND STANDARD

1.       Whether the Court should authorize the distribution of the Net Settlement Fund to the Authorized Claimants, pursuant to the Court's discretion and its continuing jurisdiction and authority over the implementation of the terms of the Settlement under Rule 23.

## III.    BACKGROUND

Pursuant to the Preliminary Approval Order, SCS transmitted to potential Settlement Class Members 28,447 notices by mail and/or email. Further, SCS caused GlobeNewswire news service to publish the Summary Notice. SCS maintains a toll-free phone line and settlement website to provide information and respond to potential claimants. *See* Craig Declaration ¶¶ 3-6.

SCS has completed all analyses and accounting procedures, including quality control, in connection with the submitted claims and has finalized its determination of authorized and ineligible claims. *See* Craig Declaration ¶8. To complete the Settlement process, therefore, Plaintiffs now respectfully seek an Order of distribution of the Net Settlement Fund to Authorized

2

Claimants. This Court should authorize the distribution of the Net Settlement Fund to Authorized Claimants, as SCS has determined in Exhibits B-1 and B-2 to the Craig Declaration.

## IV.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Settlement Class Members wishing to participate in the Settlement were required to submit a Proof of Claim online or by mail, postmarked or received no later than June 20, 2025. The Claims Administrator continued processing all claims received up to September 25, 2025. Craig Declaration ¶7. As a result of an effective notice program, through September 25, 2025, SCS received 7,844 Claim Forms. *Id.* SCS reviewed all 7,844 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id.* ¶¶7-8.

### A.    Valid and Properly Documented Claims

SCS analyzed 7,844 Claim Forms received through September 25, 2025, determining that 3,607 valid and properly documented claims were received. Craig Declaration ¶7. These valid claims represent Recognized Losses of $99,018,060.99, as calculated pursuant to the Plan of Allocation. *Id.* Plaintiff requests that the Court approve the properly documented claims as listed in Exhibits B-1 and B-2 to the Craig Declaration.

In its order, the Court should also reject claims received after September 25, 2025, and any responses to deficiency and/or rejection notices SCS received after October 10, 2025. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See In re Citigroup Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated.'"); *Hartman v. Powell, 2001 WL 410461*, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action"). SCS has not processed any claims

or responses to rejections received after these dates due to extreme lateness and because their inclusion would have delayed finalization of the administration. Craig Declaration ¶7. The Court should affirm SCS's rejection of these late claims.

### B.      Inadequately documented claims

SCS identified 37 Claimants whose submissions were inadequately documented. Craig Declaration ¶7(b). For each such inadequately documented claim it received, SCS sent the potential claimants inadequacy notices, advising them of the deficiency and affording them the opportunity to cure the deficiency. *Id.* Exhibit C to the Craig Dec (sample inadequacy notice). Of the 37 deficient claims, 25 potential claimants have successfully cured the deficiencies. SCS now includes those Settlement Class Members as Authorized Claimants. *Id.* Each of the remaining 12 deficient claimants either failed to respond to the deficiency notice SCS sent or responded with inadequate documentation. *Id.* SCS sent a rejection notice to these inadequate claimants, explaining the reason(s) for their rejection. *Id.* Exhibit D to the Craig Dec. (list of inadequate claims). To date, none of these 12 inadequate claimants has objected to or contested SCS's determination. *Id.* The Court should therefore affirm SCS's determination that these 12 inadequate claimants are ineligible for payment from the Net Settlement Fund.

### C.      Ineligible Claims

To be eligible for payment from the Net Settlement Fund, a Settlement Class Member must evidence transactions that result in a Recognized Loss under the Plan of Allocation. *See* Long Notice (Dkt. No. 80-1, at *12). SCS has identified 4,225 claims that it recommends for complete rejection. Craig Declaration ¶7(c), Exhibit E to the Craig Dec. (list of ineligible claims).  The reasons for rejection included: (i) claims with no Recognized Losses; (ii) claims with Vertex Energy Inc. ("Vertex") publicly traded securities that were purchased outside of the Settlement Class Period; (iii) claims with Vertex publicly traded common stock that were not purchased or

otherwise acquired, but were received, granted by gift, inheritance, or operation of law; (iv) claims with shares sold short; (v) duplicate claims filed; (vi) claims withdrawn by filing entities; (vii) claims filed by excluded parties; and (viii) claims filed for other securities other than Hanmi publicly traded common stock. *Id.* SCS sent these claimants rejection notices advising them of SCS's determination. *Id.*, Exhibit F to the Craig Dec. (sample ineligibility notice). To date, none of these ineligible claimants have contested SCS's determination. Craig Declaration ¶7(c). The Court should therefore affirm SCS's determination that these 4,225 claimants are ineligible for payment from the Net Settlement Fund.

## V.        PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶7.1 of the Stipulation, subject to the Court's direction and supervision, "the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants." Dkt. No. 72. Further, pursuant to ¶7.3 of the Stipulation: "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court." *Id.* Lead Counsel now seeks to distribute the Net Settlement Fund to the 3,607 Settlement Class Members whose claims have been accepted by the Claims Administrator, Craig Declaration ¶9(a), as set forth in Exhibits B-1 and B-2 to the Craig Declaration.

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an Initial Distribution of the Net Settlement Fund to all Authorized Claimants on a pro rata basis whose distribution payments are $10.00 or more. Dkt. No. 80-1, at *12. Based on the substantial experience of Lead Counsel and SCS in similar distributions, SCS expects that a certain number of Authorized Claimants will not timely cash the checks SCS sends. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or

5

reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* The Court should approve this notation for the benefit of the Class.

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution. If, however, after six months any funds remain in the Settlement Fund by reason of uncashed checks or otherwise, then SCS will conduct a second distribution of the remaining funds. *Id.* During the redistribution, any amounts remaining in the Net Settlement Fund after the initial distribution, after payment of amounts mistakenly omitted from the initial distribution to Authorized Claimants, and after payment of Administrative Costs incurred in administering the Settlement (including costs or fees of such redistribution), will be distributed to Authorized Claimants who cashed their checks and would receive at least $10.00 from the second distribution, if such redistribution is economically feasible, pursuant to the Plan of Allocation detailed in the Long Notice. *Id.*

Finally, six months after the second distribution, if undertaken, or if a second distribution is not undertaken, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization selected by Lead Counsel. *Id.* The Proposed Order filed herewith confirms the Settlement's provisions for such redistribution of the Net Settlement Fund, as explained in the Plan of Allocation detailed in the Long Notice. *Id.*

## VI.    RELEASE OF CLAIMS

To allow for the full and final distribution of the Net Settlement Fund, the Court should bar any further claims beyond the amounts allocated to Authorized Claimants, and should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other

aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including SCS and Lead Counsel. Accordingly, the Court should bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See e.g. Del. Cnty. Emps. Ret. Sys. v. Cabot Oil & Gas Corp. et al.,* No. 4:21-CV-02045 (S.D. Tex. September 16, 2025) (Dkt. No. 226, Order Approving Proposed Distribution Plan) (barring claims against such persons).

## VII.    RECORDS RETENTION AND DESTRUCTION

The Court should order that in no less than one year after all distribution(s) of the Net Settlement Fund to the eligible claimants, the Claims Administrator may destroy the paper and electronic copies of the Claim Forms and all supporting documentation. *See* Craig Declaration ¶9(e).

## VIII.    CONCLUSION

For the foregoing reasons, the Court should approve and enter the [Proposed] Order for Distribution of Net Settlement Fund, submitted herewith.


Dated: October 24, 2025                  Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         By: /s/ *Jacob A. Goldberg*
                                         Jacob A. Goldberg (pro hac vice)
                                         Gonen Haklay (pro hac vice)
                                         101 Greenwood Avenue, Suite 440
                                         Jenkintown, PA 19046

Tel: (215) 600-2817
Fax: (212) 202-3827
ghaklay@rosenlegal.com
jgoldberg@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

Stuart L. Cochran (Texas Bar No.: 24027936)
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel: 214.265.3800
Fax: 214.691.6311
scochran@condontobin.com

*Liaison Counsel for Plaintiffs and the Class*

**THE SCHALL LAW FIRM**

Brian Schall
2049 Century Park E #2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Fax: (213) 519-5876
brian@schallfirm.com

*Additional Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/Gonen Haklay*
Gonen Haklay